**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DANNY LEE, | DOCKET NUMBER |
| Appellant, | SF-844E-18-0754-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: February 26, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Danny Lee, Poway, California, pro se.

Shaquita Stockes and Heather Dowie, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) that denied his application for disability retirement under the Federal Employees' Retirement System (FERS). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).

On petition for review, the appellant argues that he has new evidence supporting his disability retirement claim, including medical documentation showing that he is suffering from an undiagnosed stomach problem, pancreatitis and kidney cysts, depression, and constant pain. Petition for Review (PFR) File, Tab 1 at 4-5. The appellant also argues that the initial decision sustaining OPM's decision denying his application for disability retirement in this case is contrary to the decision in his involuntary resignation appeal filed against his former employing agency. *Id.* at 3; *see Lee v. Social Security Administration*, MSPB Docket No. SF-0752-18-0753-I-1, Initial Appeal File, Tab 27, Initial Decision (0753 ID). The appellant also takes issue with conclusions drawn in the initial decision, including the assertion that the move from the position of Case Intake Technician to Senior Case Technician was a promotion, and argues that the testimony from his former supervisor was not credible and that the supervisor perjured himself. PFR File, Tab 1 at 4-5. The appellant also provides copies of additional medical documentation and of emails he exchanged with the agency representative during the pendency of his appeal. *Id.* at 6-38.

After considering the appellant's arguments and reviewing the record, we discern no reason to disturb the initial decision. In particular, we agree with the administrative judge's finding that the appellant has failed to show that his hip condition caused a deficiency in his performance, attendance, or conduct, or that

it was incompatible with useful and efficient service or retention in his position. [2] Initial Appeal File (IAF), Tab 16, Initial Decision (ID) at 14-28; *see* 5 U.S.C. § 8451(a)(1)(B); 5 C.F.R. § 844.103(a)(2); *see Rucker v. Office of Personnel Management*, 117 M.S.P.R. 669, ¶ 10 (2012).

Regarding the medical records the appellant submits for the first time on review, the appellant has not shown that any of this information is both new and material. PFR File, Tab 1 at 6-34; s*ee Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶ 10 (2009) (noting that under 5 C.F.R. § 1201.115(d), the Board will not consider evidence submitted for the first time with a petition for review absent a showing that it is both new and material). The first set of medical records is dated November 15, 2018, before the November 20, 2018 close of record in this case, and therefore these medical records are not "new." PFR File, Tab 1 at 6-14; *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (explaining that, under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence). The second set of medical records is dated August 21, 2019, after the record

---

[2] One of the conditions the appellant discusses in his petition review—that he suffers from depression—was briefly addressed by the administrative judge in the initial decision. PFR File, Tab 1 at 4; Tab 6 at 4, 6; *see* Initial Appeal File (IAF), Tab 16, Initial Decision (ID) at 17 n.7. The administrative judge acknowledged that both the appellant's FERS disability retirement application and OPM's reconsideration decision referenced the fact that the appellant had a prescription for antidepressant medications and mentioned his claim that he suffered from the side effects of taking antidepressants, but the administrative judge concluded that OPM's decision noted that the appellant had not submitted any medical evidence to support a diagnosis of depression, and that the bulk of the supporting materials in the appellant's application for FERS disability retirement focused on his condition of avascular necrosis of the left hip. ID at 17 n.7. Consequently, the administrative judge concluded that depression was not the basis upon which the appellant sought a FERS disability retirement, and informed him that he could file a new application on these grounds if he were so inclined. *Id.* We agree with the administrative judge's determination and find no error in this regard. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility); *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (same).

closed in this appeal. *Id.* at 15-34. However, these additional medical records are not material, and therefore do not warrant a different outcome in this appeal. *Okello,* 112 M.S.P.R. 563, ¶ 10. This second set of records is largely comprised of a list of medications the appellant is currently taking, self-reported medical issues, and laboratory blood and urinalysis results, as opposed to specific medical diagnoses. PFR File, Tab 1 at 15-34. To the extent the medical records do provide diagnostic information, they do not identify or explain how the appellant's condition rendered him unable to provide useful and efficient medical service during the relevant period for the purpose of determining his eligibility for a FERS disability retirement. Additionally, most of this second set of records includes testing and diagnostic information concerning the appellant's various conditions during the period from July 22, 2019, onward, and therefore do not explain how his conditions became disabling while he was employed in his position, which is required to demonstrate entitlement to a FERS disability retirement. *See Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 8 (2008).

Further, to the extent the appellant is arguing on review that he is suffering from additional diagnosed and undiagnosed conditions, including pancreatitis and kidney cysts, as the administrative judge noted in the initial decision, the only condition OPM considered for the appellant's disability retirement application was his hip condition, and if the appellant wishes to seek disability retirement for any other condition beyond his hip condition he must file a new disability retirement application with OPM.[3] *See* ID at 17 n.7. The appellant would have the right to appeal an adverse final OPM decision to the Board. *See* 5 U.S.C. § 8461(e)(1); 5 C.F.R. § 841.308. Accordingly, we also have not considered this second set of medical records because the documents contained therein are not material to the outcome of this appeal.

---

[3] As the administrative judge correctly noted, any such application would be subject to timeliness considerations and the Board makes no representation about the timeliness of any potential application.

With respect to the appellant's argument that the administrative judge's decision in this disability retirement appeal is contrary to the decision in his involuntary resignation appeal, there is no support for this assertion. PFR File, Tab 1 at 3; *see* 0753 ID. The instant appeal concerns the appellant's application for a FERS disability retirement and is directed at OPM, while the other appeal concerns the appellant's claim that his resignation was involuntary and was directed at his former employing agency, the Social Security Administration. The administrative judge in the appellant's involuntary resignation appeal dismissed that appeal for lack of Board jurisdiction, concluding that the appellant failed to make a nonfrivolous allegation that his resignation was involuntary, and nothing in that decision is inconsistent with the decision reached by the administrative judge in the instant appeal. *See* 0753 ID.[4]

Regarding the appellant's argument that his former supervisor "perjured" himself, there is similarly no support for this claim. PFR File, Tab 1 at 3, 5; Tab 6 at 4-5. In his petition for review, the appellant argues that his former supervisor perjured himself regarding the issues of "leave and removal of telework," but he does not specifically identify what testimony he believes constitutes perjury. PFR File, Tab 1 at 5; *see* PFR File, Tab 6 at 5. The appellant appears to be referring to a series of questions he asked his supervisor during cross-examination regarding why his number of telework days was reduced from 3 days per week to 2 days per week, and eventually, to 1 day per week. IAF, Tab 19, Hearing Compact Disc 2 (HCD 2) (testimony of the appellant's former supervisor). In response to the question, the supervisor testified that, after management determined that the amount of non-portable work had increased to a level that required employees to perform the additional work on-site, the appellant, along with a number of other employees, had their number of allowable

---

[4] On February 23, 2024, the Board denied the appellant's petition for review in his separate involuntary resignation appeal and affirmed the initial decision in that matter. *Lee v. Social Security Administration*, MSPB Docket No. SF-0752-18-0753-I-1, Final Order (Feb. 23, 2024).

telework days reduced in a manner consistent with the union contract. *Id.* In a follow-up question, the appellant alleged that he was the only employee who had his telework days reduced, which the appellant's former supervisor explicitly denied, reasserting that other employees similarly had their telework days reduced in a manner consistent with the union contract to the point that the agency could meet its non-portable work requirements. *Id.* Aside from generally asserting that the supervisor "perjured" himself in this testimony, the appellant has not provided any contrary evidence regarding this issue on review. Additionally, in the initial decision, the administrative judge declined to credit the appellant's testimony on this point, concluding that the appellant's testimony was "exaggerated," and we defer to the administrative judge's credibility determination in this regard. ID at 19-20; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (finding that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

Similarly, regarding the appellant's allegation that his supervisor perjured himself in his testimony concerning the appellant's leave requests, although difficult to discern, the appellant appears to restate his argument that, despite his supervisor's testimony otherwise, he was denied requested leave and was threatened with absence without leave. PFR File, Tab 1. At the hearing, the appellant's former supervisor testified that he generally approved the appellant's requests to use annual leave or to grant credit hours in lieu of sick leave when he ran out of sick leave. HCD 2 (testimony of the appellant's former supervisor). Additionally, the administrative judge considered and rejected the appellant's assertion in the initial decision, concluding that it was not credible because it was in conflict with the appellant's own concession that he was allowed to regularly use requested leave, and with his supervisor's testimony that the appellant did not

have any attendance issues.  ID at 18.  Accordingly, we find no reason to disturb the administrative judge's findings in this regard.

After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board,* 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:           _____

                                      Gina K. Grippando
                                      Clerk of the Board

Washington, D.C.